IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATIQ U. REHMAN, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 16 C 5178 |
| | ) |
| PIERCE & ASSOCIATES, P.C., et al | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Wells Fargo Home Mortgage's (Wells Fargo) and Defendant Pierce and Associates, P.C.'s (Pierce) motions to dismiss. For the reasons stated below, Pierce's motion to dismiss the federal claims is denied and Wells Fargo's motion to dismiss is granted.

### BACKGROUND

On August 23, 2003, Plaintiff Atiq Rehman, Plaintiff Safia Rehman, and Plaintiff Shamus Rehman allegedly executed a mortgage (Mortgage) in favor of Wells Fargo to secure a promissory note. On October 1, 2014, Plaintiffs allegedly defaulted on the Mortgage. On March 30, 2015, Wells Fargo, in accordance with 735 ILCS 5/15-1502.5(c), allegedly provided grace period notice to Plaintiffs.

1

Plaintiffs allege that grace period notice provided Plaintiffs with thirty days to seek housing counseling. On April 24, 2015, Wells Fargo was allegedly notified that Plaintiffs were seeking housing counseling. On May 13, 2015, Pierce, attorneys at law, filed a complaint to foreclose mortgage in the State court on behalf of Wells Fargo. Plaintiffs filed a motion to dismiss the complaint in State court, which was granted on February 9, 2016. On May 12, 2016, Plaintiffs filed the complaint in this action alleging claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, against Pierce (Counts I - IV) and a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.*, against Wells Fargo (Count V). Pierce moves to dismiss the claims in Counts I - IV pursuant to Federal Rule of Civil Procedure 12(b)(6)(Rule 12(b)(6)). Wells Fargo moves to dismiss the claims in Count V pursuant to Rule 12(b)(6) and, in the alternative, Federal Rule of Civil Procedure Rule 12(b)(1)(Rule 12(b)(1)).

## LEGAL STANDARD

Rule 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003)(overruled on separate grounds). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*,

66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, the court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496

3

F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); see also *Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Wells Fargo Motion to Dismiss ICFA Claim

    A. Alleged Unfair Practices

Wells Fargo argues that Plaintiffs fail to allege facts that Wells Fargo violated the ICFA.  To state an ICFA claim, a plaintiff must plead "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010).  Also, "a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 574 (7th Cir. 2012).  A practice can be deemed unfair "because of the degree to which it meets one of the criteria or because to a lesser extent it meets all

three." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008). Unfairness under the ICFA "depends on a case-by-case analysis." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010).

A plaintiff "may allege that conduct is unfair under ICFA without alleging that the conduct is deceptive." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). An unfair practices claim need not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard because it is not based on fraud. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Unfair conduct is that which (1) violates public policy, (2) is "so oppressive that the consumer has little choice but to submit," or (3) causes consumers substantial injury. *Siegel*, 612 F.3d at 935. Plaintiffs' complaint alleges only unfair practices against Wells Fargo.

Plaintiffs contend the unfair practice was the filing of the lawsuit. Wells Fargo argues that the alleged improper filing of a lawsuit cannot form the basis of an ICFA cause of action. Under Illinois law, the only causes of action that can arise from the wrongful filing of a lawsuit are malicious prosecution and abuse of process. *Havaco of America, Ltd. v. Hollobow*, 702 F.2d 643, 646 (7th Cir. 1983). Plaintiffs argue that their claims are not based on the alleged wrongful filing of the lawsuit, but are based on Wells Fargo's "conduct outside of the foreclosure proceedings, and, in particular, the sending of the Grace Period Notice. . ." (Mot. 3). On March 30, 2015, Wells Fargo, in accordance with 735 ILCS 5/15-1502.5(c), provided grace period notice to Plaintiffs. In accordance with 735 ILCS 5/15-1502.5(c), Wells Fargo's grace period notice stated the following:

5

> YOUR LOAN IS MORE THAN 30 DAYS PAST DUE. YOU MAY BE EXPERIENCING FINANCIAL DIFFICULTY. IT MAY BE IN YOUR BEST INTEREST TO SEEK APPROVED HOUSING COUNSELING. YOU HAVE A GRACE PERIOD OF 30 DAYS FROM THE DATE OF THIS NOTICE TO OBTAIN APPROVED HOUSING COUNSELING. DURING THE GRACE PERIOD, THE LAW PROHIBITS US FROM TAKING ANY LEGAL ACTION AGAINST YOU. YOU MAY BE ENTITLED TO AN ADDITIONAL 30 DAY GRACE PERIOD IF YOU OBTAIN HOUSING COUNSELING FROM AN APPROVED HOUSING COUNSELING AGENCY. A LIST OF APPROVED COUNSELING AGENCIES MAY BE OBTAINED FROM THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION."

(Compl. Par. 10). Plaintiffs allege that Wells Fargo was notified within the thirty day grace period that Plaintiffs sought housing counseling. Plaintiffs allege that Wells Fargo's grace period notice was "immoral, oppressive, unethical, unfair, and unscrupulous - and against public policy . . . " (Compl. Par. 37). Plaintiffs argue that Wells Fargo did not intend to uphold or enforce the Grace Period Notice, which is evidenced by their subsequent actions to file lawsuit, which was against Illinois law. Plaintiffs contend that Wells Fargo's actions offend public policy.

Wells Fargo argues that the Grace Period Notice was sent pursuant to 735 ILCS 15-1502(c), did not offend public policy, and did not represent any sort of intentions on Wells Fargo's behalf. Wells Fargo argues that an ICFA claim cannot be based on actions performed in compliance with state statutes, such as mailing the Grace Period Notice. Plaintiffs point out, however, that Wells Fargo violated the Grace Period requirements by filing the lawsuit. Plaintiffs argue that Wells Fargo's

violation of State law constituted unfair conduct that offends public policy. Wells Fargo argues that without the filing of the lawsuit, there would be no basis for any ICFA claim. A practice can offend public policy "if it violates a standard of conduct contained in an existing statute or common law doctrine that typically applies to such a situation." *Elder v. Coronet Ins. Co.*, 558 N.E.2d 1312, 1316 (Ill. App. 1990). Plaintiffs had the opportunity to address the alleged unfair actions in State court, which resolved those claims. Plaintiffs' ICFA claim can only rest on the basis that Wells Fargo filed the State cause of action. That State action was dismissed, which confirms that the Grace Period Notice was true and correct, and not deceitful or unfair in violation of the ICFA. As recognized by the Seventh Circuit, the only causes of action that can arise from the wrongful filing of a lawsuit are malicious prosecution and abuse of process. *Havaco of America, Ltd.*, 702 F.2d at 646. Neither of those claims are alleged here as Plaintiffs made no showing of malpractice or abuse of process. Therefore, Wells Fargo's motion to dismiss the ICFA claim is granted.

II. Pierce's motion to dismiss FDCPA claims

Pierce argues that Plaintiffs' amended complaint fails to allege that statements in the State foreclosure action were false, deceptive or misleading. The "goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices." *Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir.1997) (internal quotations omitted). Pursuant to 15 U.S.C. § 1692e (Section 1692e), a debt collector is

prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009). The FDCPA provision essentially is a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007). The statute sets forth a nonexhaustive list of prohibited practices, including "[t]he false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10). Determining whether a statement is false, deceptive or misleading is a fact-bound determination. *Marquez v. Weinstein, Pinson & Riley, P.S.,* 836 F.3d 808, 812 (7th Cir. 2016). The term "debt collector" in the FDCPA "applies to a lawyer who "regularly," through litigation, tries to collect consumer debts." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Pierce does not dispute that it is a debt collector.

### A. Count I: 1692e(2)(A) & Count III: 1692e(10)

Pierce argues generally that Section 1692e prohibits the use of false, deceptive or misleading representations and contends that Plaintiff fails to allege facts regarding any false, deceptive, or misleading representations by Pierce. The FDCPA prohibits a debt collector from falsely representing the "character, amount, or legal

status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiffs argue that Pierce violated the FDCPA by making false representations that the grace period expired, by threatening to take actions that were not legally permitted, and by filing a complaint in violation of Illinois law. The filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt. *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000)(finding a violation of Section 1962 where the defendant filed state court complaint that gave the false impression as to the legal status it enjoyed); *see also Marquez,* 836 F.3d at 812(stating that the FDCPA is applicable "to communications that occurred in the context of litigation, particularly in the debt collection area in which judgments are overwhelmingly reached through forfeiture, and thus misleading or deceptive statements are more likely to influence the response of the defendant without ever coming to the attention of the court in any meaningful way"). The Seventh Circuit has also held that the dangers addressed by the FDCPA often arise in the context of pleadings just as in other forms of communication. *Id.; See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 948 (7th Cir. 2011). Thus, Plaintiffs complaint contains sufficient factual matter that plausibly suggests a right to pursue relief under the claims in Count I. Pierce's motion to dismiss the Section 1692e(2) claim is denied. At the summary judgment stage, however, the Plaintiffs will not be able to rely on their pleadings and will have to point to sufficient evidence to support their claims.

      As to Count III, FDCPA Section 1692e(10) prohibits "[t]he use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Similar to the court's analysis above, Plaintiffs' allegations contain sufficient factual matter that plausibly suggests a right to pursue relief pursuant to the claims in Count III. Pierce's motion to dismiss the claim in Count III is denied. At the summary judgment stage, however, the Plaintiffs will not be able to rely on their pleadings and will have to point to sufficient evidence to support their claims.

### B. Count II: 1692e(5)

Pierce argues that taking any action, even if unlawful, cannot serve as the basis of a FDCPA Section 1692e(5) violation. Pierce argues that because it only precludes a "threat to take any action." (Pierce Mot. 6). Section 1692e(5) prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiffs argue that their allegations within the complaint are sufficient, which state that Pierce violated Section 1692e(5) by threatening to take certain actions. Plaintiffs allege that Pierce threatened certain actions such as a judgment of foreclosure sale, an order granting a shortened redemption period, a personal judgment for deficiency, an order placing the mortgagee in possession or appointing a receiver, and a judgment of attorneys' fees, costs and expenses. (Compl. Par. 24). Pierce argues that Plaintiffs fail to allege any threatening action on behalf of Pierce. As support to its argument, Pierce cites to *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.,* 794 F.3d 871 (7th Cir. 2015),

and *Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC,* 480 F.3d 470 (7th Cir. 2007). (Pierce Mot. 3-4). These cases were decided at the summary judgment stage. *See Bentrud,* 794 F.3d 871; *Beler* 480 F.3d 470. In contrast, these proceedings are currently at the motion to dismiss stage. Viewing the facts in a light most favorable to Plaintiffs, the complaint plausibly suggests that Plaintiffs have a right to pursue relief under the claims in Count II. Pierce's motion to dismiss the claim in Count II of the complaint is denied. At the summary judgment stage, however, the Plaintiffs will not be able to rely on their pleadings and will have to point to sufficient evidence to support their claims.

### C. Count IV: 1692f(1)

Pierce argues that the claim in Count IV should be dismissed because Plaintiffs are attempting to enforce the Illinois Mortgage Foreclosure Act through the FDCPA, which is not the FDCPA's purpose. Section 1692f states in relevant part, that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute does not define "unfair or unconscionable," however, the statute contains eight subsections that illustrate different violations. 15 U.S.C. § 1692f. Plaintiff alleges that Pierce violated Section 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* Plaintiffs argue that Pierce's attempt to collect Plaintiffs' mortgage loan was

deceptive, misleading, unfair and unconscionable. Pierce argues that they were acting reasonably when filing the lawsuit despite the thirty day grace period. Pierce contends that a "reasonable advocate would preserve its client's right to pursue a deficiency judgment by following the IMFL's form complaint rather than alter the form and risk the potential for waiving its client's rights." (Pierce Mot. 4). The court notes that while Pierce may have been zealously advocating on behalf of its client, Pierce's actions still fall within the purview of the FDCPA. *See Heintz,* 514 U.S. at 291(stating that the FDCPA applies to lawyers engaged in consumer debt-collection litigation). Plaintiffs have alleged sufficient facts that plausibly suggest that Plaintiffs have a right to pursue relief under the claims in Count IV. At the summary judgment stage, however, the Plaintiffs will not be able to rely on their pleadings and will have to point to sufficient evidence to support their claims. Therefore, Pierce's motion to dismiss the claim in Count IV is denied.

## CONCLUSION

Based on the foregoing, Pierce's motion to dismiss the claims in Count I, Count II, Count III, and Count IV is denied and Wells Fargo's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 13, 2017